NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDSAY KAN, | No. 15-56231 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-03407-DSF-VBK |
| v. | |
| BANK OF NEW YORK MELLON CORP., FKA The Bank of New York as Trustee for Cwalt, Inc.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Lindsay Kan appeals pro se from the district court's judgment dismissing his

action alleging federal and state law claims arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We may affirm on any basis supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court properly dismissed Kan's action as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in two prior state court actions that resulted in final judgments. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125-26 (9th Cir. 2013) (setting forth elements of res judicata under California law and discussing the primary rights theory of res judicata under California law); *see also City of Martinez v. Texaco Trading & Transp. Inc.*, 353 F.3d 758, 764 (9th Cir. 2003) (privity applies under California law "if a party's interests are so similar to another party's interests that the latter was the former's virtual representative in the earlier action." (citation and internal quotation marks omitted); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citations and internal quotation marks

2                                                    15-56231

omitted)).

The district court did not abuse its discretion in ruling on defendants' motion to dismiss without an oral hearing. *See Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015) (due process was not violated by the district court ruling on a motion to dismiss without an oral hearing where the parties had the opportunity to present arguments in writing); *see also Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (standard of review).

The district court did not abuse its discretion by denying Kan's motion for leave to file a second amended complaint. *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (no abuse of discretion in denying leave to amend where the proposed amendment would be futile).

**AFFIRMED.**